UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

United States,
        Plaintiff,

v.                                                                                            Civil No.   99-CR-94-SM

Robin Goss,
        Defendant,

**Defendant's Sentencing Memorandum**

Defendant Robin Goss, through counsel, respectfully submits the following memorandum for use at the revocation hearing scheduled for February 6, 2006.

1. The probation office alleges Ms. Goss committed three violations of her supervised release: 1) a December 3, 2005, urine sample that tested positive for cocaine; 2) an admission of drinking alcohol on December 19, and 3) an arrest for driving while intoxicated also on December 19.

2. The probation office argues that the first offense is a Grade B violation, *see* USSG 7B1.4, and the other two are Grade C violations, which means the revocation table suggests a sentence of 12 - 18 months in prison (Ms. Goss's criminal history, established at sentencing, is category IV).  The probation officer recommends a 15 month prison sentence and no further supervised release.

3. Ms. Goss will not contest the violations and, therefore, the hearing will focus on an appropriate sentence.  Ms. Goss suggests a eight month sentence, split

between four months of imprisonment and four months of home detention enforced by the so-called electronic bracelet. 7B1.3(c)(2).

4. In support of her suggestion, Ms. Goss submits the following.

5. As a preliminary matter, the court should remember that the rules governing this proceeding as stated in Chapter 7 of the Sentencing Guidelines are "policy statements" and thus were advisory before *U.S. v. Booker*, 125 S.Ct. 738 (2005), and certainly remain so now. See *U.S. v. Scwegel*, 126 F.3d 551 (3d Cir. 1997) (collecting cases); *U.S. v. O'Neil*, 11 F.3d 292, 301 n. 11 (1st Cir. 1993) (holding the Chapter 7 policy statements nonbinding).

6. The most serious violation alleged here, "possess[ion] of a controlled substance, to wit: cocaine," Revocation Report at page 1, a Grade B violation, is stated as a breach of the condition that Ms. Goss not "commit another federal, state or local crime."

7. Since the evidence of this violation is a positive urinalysis (which Ms. Goss does not challenge), the law treats the offense more generously. The applicable policy statement itself provides, "in the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§3565(b) and 3583(g)," §7B1.4, Application Note 6, suggesting a prison term is not always necessary in light of a positive urine test.

8. And in 1994, 18 U.S.C. §§3563(a), 3583(d) and 4209(a) were amended to give the court discretion not to revoke supervised release when a defendant simply fails a drug test. *See U.S. v. Pierce*, 132 F.3d 1207 (8th Cir. 1997).

9. In light of the many positive aspects of Ms. Goss's case, this leniency in the law militates in favor of a sentence below that recommended by the government. Ms. Goss acknowledges she is addicted to cocaine, an addiction that gave rise to the underlying conviction and an addiction with which Ms. Goss will forever struggle.

10. Ms. Goss remained sober for more than two years from her February 2003 release from prison until the lapses of March and April 2005 documented in the Revocation Report at ¶¶4 - 6. As an explanation – not an excuse – Ms. Goss buried both her son (who died after many years in a coma) and her father only weeks apart in the spring of 2005 and became romantically involved with a drug user. These emotionally difficult times contributed to Ms. Goss's relapse.

11. Ms. Goss returned to sobriety from late April through the positive test of December 2005, which, Ms. Goss submits, documents a single use. Ms. Goss has been tested at least once per week, often more, since the April relapse, and all other tests were negative.

12. Ms. Goss has adult children (who do not use drugs, who do not have criminal records and, most important, who have Ms. Goss's grandchildren) living locally and who can provide their home for a sentence of home detention, if ordered. And Ms. Goss has met and become involved with a stable, non-using,

3

non-offending man, Ray Dixon, who continues to be supportive during Ms. Goss's present incarceration.

13. Contrary to the suggestion in the Revocation Report that Ms. Goss's employment has been "sporadic," Report at ¶23, Ms. Goss has worked steadily for Bickford's Restaurant, with only a brief period of unemployment after one Bickford's store closed and before she was re-employed at another location.

14. Given these circumstances, Ms. Goss suggests it appropriate to impose a eight month sentence to be split between four months in prison and four months of home detention.

                Respectfully submitted,
                Robin Goss
                By her attorney

                /s/ Michael J. Sheehan
                Michael J. Sheehan, #6590
                58 Pleasant Street
                Concord, NH 03301
                (603) 225-5240
                msheehan@usa.net

State of New Hampshire
Merrimack, ss.

 I certify that today, February 3, 2006, I sent a copy of this Memorandum to Mark Irish, Esq., via ECF, and to Kristin Cook, US Probation Officer, via facsimile.

                /s/ Michael J. Sheehan
                Michael J. Sheehan